1  Garo Mardirossian, Esq., #101812 (garo@garolaw.com)
   Lawrence D. Marks, Esq., #153460 (Lmarks@garolaw.com)
2  **MARDIROSSIAN & ASSOCIATES, INC.**
   *A Professional Law Corporation*
3  6311 Wilshire Boulevard
   Los Angeles, CA  90048-5001
4  (323) 653-6311; (323) 651-5511 FAX

5  Attorneys for Plaintiffs HECTOR HERNANDEZ, individually;
   C.H. by and through his Guardian, ASHLEY CHADWICK,
6  individually and as successor-in-interest of HECTOR HERNANDEZ

7  Dale K. Galipo, Esq., #144074 (dgalipo@galipolaw.com)
   **LAW OFFICES OF DALE K. GALIPO**
8  21800 Burbank Boulevard, Suite 310
   Woodland Hills, CA  92367-6479
9  (818) 347-3333; (818) 347-4118 FAX

10 Attorneys for Plaintiff, H.R.
   by and through his Guardian ASHLEY CHADWICK,
11 individually and as successor-in-interest of HECTOR HERNANDEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR HERNANDEZ, individually; C.H. and H.R. by and through their Guardian, ASHLEY CHADWICK, individually and as successors-in-interest of HECTOR HERNANDEZ, deceased,<br><br>    Plaintiffs,<br>    vs.<br><br>CITY OF FULLERTON; FULLERTON POLICE DEPARTMENT, public entities; CORPORAL JONATHAN FERRELL, and DOES 1 through 50, individually and as peace officers, inclusive,<br><br>    Defendants. | Civil Action No.:<br>8:20−cv−01747−MEMF−JDE<br>[Hon. Maame Ewusi-Mensah Frimpong, District Judge; Hon. John D. Early, Magistrate Judge]<br><br>**REQUEST TO MODIFY ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR COMPROMISE OF THE CLAIMS OF C.H. AND H.R. BY AND THROUGH THEIR GUARDIAN AD LITEM, ASHLEY CHADWICK, DATED JULY 31, 2023 [DOCKET 95]; DECLARATION OF LAWRENCE D. MARKS**<br><br>**[PROPOSED] ORDER**<br><br>COURTROOM: 8B (Los Angeles)<br>BUILDING: United States Courthouse<br>         350 West 1st Street<br>JUDGE:<br>Hon. Maame Ewusi-Mensah Frimpong |

## REQUEST TO MODIFY ORDER

On July 25, 2023, Plaintiffs C.H. and H.R., By and Through Their Guardian Ad Litem, Ashley Chadwick, filed an Ex Parte Application for An Order Approving their Minor's Compromise. (ECF 91). Plaintiffs thereafter filed additional briefing (ECF 93). At the time the Application was filed, Plaintiff, C.H. (DOB: December 18, 2005) was 17 years old.

The Court's (sealed) Order (ECF 95) provided, at page 5, paragraph 1(b) that, "*Within 30 days of the signing of this Order, Defendants will forward a settlement check to Mardirossian & Associates, Inc., counsel for Plaintiffs, payable to C.H. by and through his guardian ad litem, Ashley Chadwick in the amount of $ ▓▓▓▓▓▓. This amount will be deposited into a Blocked Account for the benefit of C.H.*"

On August 29, 2023, counsel for Plaintiffs received this check; and on September 19, 2023, this check was deposited into a Blocked Account for the benefit of C.H., at Wells Fargo Bank.

On December 18, 2023, C.H. reached the age of majority when he turned 18 years of age.

Following reaching the age of majority, C.H. made attempts to withdraw these funds from the Wells Fargo Blocked Account; however, because the Order (ECF 95) was silent as to when these funds would become available to C.H. and when these funds could be withdrawn, Wells Fargo has refused to release the funds.

Request is made to modify the Order dated July 31, 2023, (ECF 95), to allow C.H. to now withdraw these funds from the Blocked Account at Wells Fargo Bank. It is the desire of C.H., with the input and guidance of his guardian ad litem and financial advisors that these funds be withdrawn from the Blocked Wells Fargo Account and transferred into accounts which yield higher interest rates and higher rates of return.

1 | Pursuant to the Court's Order Approving the Minor's Compromise (ECF 95),
2 | Plaintiff C.H. will continue to benefit from the annuity previously purchased for him
3 | in the amount of $█████, with New York Life Insurance Company, which will
4 | continue to provide periodic payments to C.H. with a guaranteed payout of
5 | $█████; and an expected payout of $█████ as more fully set forth in
6 | Plaintiff's Ex Parte papers filed on July 28, 2023 (ECF 91) and on July 29, 2023
7 | (ECF 93).

Dated: April 22, 2025

/s/ Lawrence D. Marks
_____
Lawrence D. Marks, Esq.

# DECLARATION OF LAWRENCE D. MARKS

I, Lawrence D. Marks, declare as follows:

1. I am an attorney at Mardirossian & Associates, Inc., the attorneys of record in this action for Plaintiffs Hector Hernandez; C.H. and H.R. by and through their Guardian, Ashley Chadwick, individually and as successors-in-interest of Hector Hernandez, deceased.

2. The facts set forth in my declaration are known personally to me. I have first-hand knowledge of these facts, and I would and could competently testify to these facts if called upon to do so.

3. This declaration is offered in support of Plaintiff's Request To Modify Order Granting Plaintiff's Ex Parte Application For Compromise Of The Claims Of C.H. And H.R. By And Through Their Guardian Ad Litem, Ashley Chadwick, Dated July 31, 2023 [ECF 95] in the civil action entitled *Hector Hernandez, etc., et al. v. City of Fullerton, et al.*, bearing case number 8:20−cv−01747−MEMF−JDE.

4. On July 25, 2023, Plaintiffs C.H. and H.R., By and Through Their Guardian Ad Litem, Ashley Chadwick, filed an Ex Parte Application for An Order Approving their Minor's Compromise. (ECF 91). Plaintiffs thereafter filed additional briefing (ECF 93).

5. At the time the Application was filed, Plaintiff, C.H. (DOB: December 18, 2005) was 17 years old.

6. The Court's (sealed) Order (ECF 95) provided, at page 5, paragraph 1(b) that, "*Within 30 days of the signing of this Order, Defendants will forward a settlement check to Mardirossian & Associates, Inc., counsel for Plaintiffs, payable to C.H. by and through his guardian ad litem, Ashley Chadwick in the*

*amount of $_____. <u>This amount will be deposited into a Blocked Account for the benefit of C.H.</u>*"

7. On August 29, 2023, counsel for Plaintiffs received this check; and on September 19, 2023, this check was deposited into a Blocked Account for the benefit of C.H., at Wells Fargo Bank.

8. On December 18, 2023, C.H. reached the age of majority when he turned 18 years of age.

9. Following reaching the age of majority, C.H. made attempts to withdraw these funds from the Wells Fargo Blocked Account; however, because the Order (ECF 95) was silent as to when these funds would become available to C.H., and when these funds could be withdrawn, Wells Fargo has refused to release the funds.

10. Request is made to modify the Order dated July 31, 2023, (ECF 95), to allow C.H. to now withdraw these funds from the Blocked Account at Wells Fargo Bank.

11. It is the desire of C.H., with the input and guidance of his guardian ad litem and financial advisors, that these funds be withdrawn from the Blocked Wells Fargo Account and transferred into accounts and investments which yield higher interest rates and higher rates of return.

12. Pursuant to the Court's Order Approving the Minor's Compromise (ECF 95), Plaintiff C.H. will continue to benefit from the annuity previously purchased for him in the amount of $_____, with New York Life Insurance Company, which will continue to provide periodic payments to C.H. with a guaranteed payout of $_____; and an expected payout of $_____ as more fully set

forth in Plaintiff's Ex Parte papers filed on July 28, 2023 (ECF 91) and on July 29, 2023 (ECF 93).

I declare under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct.

Executed on April 22, 2025, at Los Angeles, California.

/s/ Lawrence D. Marks
_____
Lawrence D. Marks